UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| In re<br><br>**MICHAEL A AMEN** and<br>**CHERYLL K AMEN**,<br><br>Debtors. | Case No. **12-61225-7** |
| **JOSEPH V. WOMACK**,<br><br>Plaintiff.<br>-vs-<br>**SAMUEL FOUSEK**,<br><br>Defendant. | Adv No. **13-00042** |

# MEMORANDUM OF DECISION

At Butte in said District this 5th day of March, 2014.

In this adversary proceeding the Defendant Samuel Fousek ("Fousek") filed a motion for summary judgment (Document No. 29) on February 28, 2014, the deadline for filing pretrial motions fixed by this Court in its Order entered on December 5, 2013 (Doc. 8) which provides in pertinent part:

> Any and all pretrial motions, together with supporting memoranda or other materials, must be filed and served on or before February 28, 2014. Any motions filed after this deadline will not be considered by the Court.

Defendant's motion is accompanied by a supporting memorandum and a statement of uncontroverted facts relating to the ownership of cattle for which the above-named Debtors provided care and feed, and for which the Plaintiff seeks payment from Defendant. After the February 28, 2014, deadline expired, Defendant filed an affidavit of Samuel Fousek including

1

statements relating to the ownership of cattle, which affidavit was notarized on March 3, 2014. Defendant did not seek an extension of the February 28, 2014, deadline prior to its expiration.

On March 4, 2014, Plaintiff filed a motion to strike Fousek's affidavit on the grounds it was filed after the deadline fixed by the Court expired. Plaintiff requested that the affidavit not be considered with respect to the summary judgment motion. Also on March 4, 2014, Plaintiff filed a memorandum in opposition to Defendant's motion for summary judgment, with a statement of genuine issues about the ownership of the cattle, and complaining that Defendant fails to specify the portion of the evidentiary record supporting his statement of uncontroverted facts.

In *Taylor v. Freeland & Kronz*, 503 U.S. 638, 644, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992), the Supreme Court observed: "Deadlines may lead to unwelcome results, but they prompt parties to act and they produce finality." This Court fixed the February 28, 2014, deadline for pretrial motions and supporting materials in its scheduling Order. No request to extend that deadline has been filed. Defendant prepared and filed Fousek's affidavit, which clearly he filed to support his motion for summary judgment, after the deadline with no explanation and without requesting an extension of the pretrial motions deadline.

This Court has considerable discretion to enforce its orders, deadlines and pretrial procedures, and based upon Defendant filing Fousek's affidavit after the deadline this Court exercises its discretion and grants Plaintiff's motion to strike Fousek's affidavit. This Court expects its orders and deadlines to be complied with, and this decision to grant Plaintiff's motion to strike Fousek's affidavit is an example to the parties and other practitioners of the consequences of a missed deadline.

Turning to the motion for summary judgment, summary judgment is governed by FED. R. BANKR. P. 7056. Rule 7056, incorporating FED. R. CIV. P. 56(c), states that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." "The proponent of a summary judgment motion bears a heavy burden to show that there are no disputed facts warranting disposition of the case on the law without trial." *Younie v. Gonya (In re Younie)*, 211 B.R. 367, 373 (9th Cir. BAP 1997) (quoting *Grzybowski v. Aquaslide "N' Dive Corp. (In re Aquaslide "N" Dive Corp.)*, 85 B.R. 545, 547 (9th Cir. BAP 1987)).

When seeking summary judgment, the moving party must initially identify those portions of the record before the Court which it believes establish an absence of material fact. *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n.*, 809 F.2d 626, 630 (9th Cir. 1987). If the moving party adequately carries its burden, the party opposing summary judgment must then "set forth specific facts showing that there is a genuine issue for trial." *Kaiser Cement Corp. v. Fischback & Moore, Inc.*, 793 F.2d 1100, 1103-04 (9th Cir. 1986), *cert. denied*, 469 U.S. 949 (1986); FED. R. CIV. P. 56(e). *See also Frederick S. Wyle Prof'l. Corp. v. Texaco, Inc.*, 764 F.2d 604, 608 (9th Cir. 1985) ("the opponent must affirmatively show that a material issue of fact remains in dispute"). That is, the opponent cannot assert the "mere existence of some alleged factual dispute between the parties." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Moreover, "[a] party opposing summary judgment may not simply question the credibility of the movant to foreclose summary judgment." *Far Out Prods., Inc. v. Oskar*, 247 F.3d 986, 997 (9th Cir. 2001).

To demonstrate that a genuine factual issue exists, the objector must produce affidavits which are based on personal knowledge and the facts set forth therein must be admissible into evidence. *Aquaslide*, 85 B.R. at 547. All reasonable doubt as to the existence of genuine issues of material fact must be resolved against the moving party. *Liberty Lobby,* 477 U.S. at 247-48, 106 S.Ct. at 2509. If a rational trier of fact might resolve disputes raised during summary judgment proceedings in favor of the nonmoving party, summary judgment must be denied. *T.W. Elec. Serv.*, 809 F.2d at 630; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 202 (1986). Thus, the Court's ultimate inquiry is to determine whether the "specific facts" set forth by the nonmoving party, viewed along with the undisputed background or contextual facts, are such that a rational or reasonable jury might return a verdict in its favor based on that evidence. *T.W. Elec. Serv.*, 809 F.2d at 631.

Plaintiff's complaint seeks to recover from Fousek an account receivable in the amount of $50,333.59 plus interest owed for yardage, feed, supplies and veterinary supplies provided by Michael A. Amen for cattle allegedly owned by Fousek. Fousek's statement of uncontroverted facts states that he is the Managing Member of Fousek Farm & Ranch, LLC. Fousek contends that in November of 2010, Fousek Farm & Ranch, LLC purchased the cattle that are the subject of Plaintiff's complaint. Fousek alleges the cattle were purchased for "Amen." Attached to Fousek's Memorandum in Support of Motion for Summary Judgment ("Memorandum") is the memo portion from a computer generated check, without the attached check, referencing a payment of $64,790.69 for "106 head (amen's)" made on November 20, 2010, an undated invoice, which identifies neither a purchaser nor a seller, for $64,790.69, and a separate notation that $13,421.38 was paid in full, which amount appears to relate to another 21 head of cows.

4

Once purchased, the cattle were delivered to the Debtors, who fed the cattle for a period of time. Fousek Farm & Ranch, LLC then sold the cattle to Steve Griemsman.

Also attached to Fousek's Memorandum are three Cattle Inspection Certificates. The first Certificate, LC 711984 is dated November 4, 2010, relates to 167 head of calves, lists Sam Fousek as the owner and is signed by Steve Griemsman as the "Owner or Agent." The second Certificate, LC711985, is for one steer with no brand. Again, the Certificate is dated November 4, 2010, lists Sam Fousek as the owner and is signed by Steve Griemsman as the "Owner or Agent." The third Certificate, LC714464, is dated March 14, 2011, and pertains to 269 head of steers and heifers. Certificate LC714464 originally identified Fousek as the owner of the 269 cows, but Fousek's name is crossed out and replaced with what appears to be "Griemsman Lusk." Like the earlier Certificates, Steve Griemsman signed Certificate LC714464 as "Owner or Agent."

Fousek asserts that he never informed the Department of Livestock that the cattle were owned by him instead of his corporation, that he was not at Amens when the certificates were created, and that someone other than Fousek must have informed the Brand Inspector how to fill out the certificates. Fousek maintains that neither his personal brand, nor his corporation's brand were ever placed on the cattle. Rather, Fousek contends the cows were eventually branded with Griemsman Livestock's brand. Fousek's affidavit (Doc. 32) mirrors what is alleged in his Statement of Uncontroverted Facts, but that affidavit is stricken.

Plaintiff's memorandum in opposition contends that Fousek has admitted ownership of the cattle in his pleadings, discovery responses, and judicial admissions, which create a genuine

issue of material fact regarding ownership of the cattle.[1] Plaintiff's statement of genuine issues complains that Fousek's statement of uncontroverted facts fails to specify the portion of the evidentiary record supporting several of the alleged facts. Plaintiff filed two affidavits, one of Jeffrey J. Tierney accompanied by copies of Defendant's answers to three sets of written discovery, plus an affidavit of the Debtor Michael A. Amen.

After review of the motion, response, statements of uncontroverted facts and genuine issues, and affidavits of Tierney and Amen, this Court concludes that the Defendant has failed his heavy burden to show that there are no disputed facts warranting disposition of the case on the law without trial. *Younie*, 211 B.R. at 373, quoting *Aquaslide,* 85 B.R. at 547. The issue of whether Fousek personally owned the cattle during the relevant period of time remains a genuine issue of fact for trial.

**IT IS ORDERED** a separate Order shall be entered in conformity with the above (1) granting Plaintiff's motion to strike affidavit of Samuel Fousek; (2) denying Fousek's motion for summary judgment; and (3) denying Plaintiff's request for partial summary judgment.

                                               BY THE COURT

                                               */s/ Ralph B. Kirscher*
                                               HON. RALPH B. KIRSCHER
                                               U.S. Bankruptcy Judge
                                               United States Bankruptcy Court
                                               District of Montana

---

[1]The Trustee's memorandum requests partial summary judgment on the ownership of cattle. That request is summarily denied for failure to comply with Montana Local Bankruptcy Rule 7056-1(a), which requires its own motion and statement of uncontroverted facts.